THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY LA BELLO and RALPH PICCIRILLO, Appellants.— Two judgments of the Supreme Court, Kings County (each as to a respective one of the defendants), both rendered January 19, 1966, affirmed. No opinion. Beldock, P. J., Rabin, Benjamin and Munder, JJ., concur; Martuscello, J., dissents and votes to reverse the judgments and to dismiss the indictment, with the following memorandum: Defendants were indicted for the crime of bribery. They pleaded guilty to attempted bribery and were sentenced to a prison term. Prior to the entry of their guilty pleas, they moved for inspection of the Grand Jury minutes and for dismissal of the indictment on the ground that they had been granted immunity from prosecution for the crime charged therein. The court below directed the prosecution to furnish defendants with a copy of the Grand Jury minutes, but denied the motion to dismiss the indictment, ruling that this crime was not covered by the immunity granted them. The appeals from the judgments bring up for review the propriety of the denial of dismissal; and the only question presented thereby is whether defendants were immunized from prosecution on the bribery charge. The material facts underlying this question are as follows: On March 19, 1964, defendants were arrested by Patrolman Sewell for assaulting one Graham with tire irons. These weapons were recovered by Sewell at the time the arrest was made. Defendants allegedly on March 20, 1964 offered to give Sewell $1,000 or $1,500 to get rid of the weapons. Sewell immediately reported this offer to an Assistant District Attorney of Kings County. Defendants, however, were not arrested in connection with the alleged bribe offer until after they were indicted therefor on July 14, 1965. In the meantime, they were indicted for the assault committed on Graham and on January 11, 1965 were convicted upon their pleas of guilty of attempted assault in the second degree and each was sentenced to a prison term of one year and three months to two years and six months. In March, 1965, a Kings County Grand Jury undertook

to conduct an investigation to ascertain whether any criminal conspiracies existed in connection with the assault on Graham. In charge of this investigation was the selfsame prosecutor to whom Officer Sewell had reported the afore-mentioned bribe offer on March 20, 1964. Defendants were recalled from prison and taken before the Grand Jury on March 18, 1965 to testify as witnesses. La Bello, the first called, was sworn and gave as his address Sing Sing Prison. The prosecutor, after informing him of the purpose of the investigation, asked him whether he had been indicted and convicted for the assault committed on Graham. La Bello refused to answer on the ground that he might thereby incriminate himself. The prosecutor thereupon stated to him that he had been convicted and sentenced for the assault and could not again be prosecuted therefor; that the Grand Jury, nevertheless, would vote on whether to grant him immunity; and that if immunity were granted he could not be prosecuted for his answers. Asked if he understood the statement thus made to him, La Bello replied, " Yes. I'd like to see my attorney." The prosecutor then advised him that the Grand Jury would vote on whether to grant him immunity; and that, if it were granted and he refused to answer questions, an application would be made to hold him in contempt. La Bello was excused. The Grand Jury voted to grant La Bello immunity pursuant to section 2447 of the Penal Law. Thereafter, he returned to the Grand Jury room and, after being apprised of the immunity conferred, answered all questions. In the course of his examination he testified, among other things, that he had been convicted of the assault on Graham and sentenced to Sing Sing; that he and Piccirillo had assaulted Graham with tire irons; that a person known to him only as Tony had hired them for $100 to commit the assault and had provided the weapons used; and that, while assaulting Graham, his weapon fell, and he ran away and was caught by a policeman. Defendant Piccirillo was sworn and apprised of the purpose of the investigation. He was also granted immunity and, after being advised of its meaning, stated that he would answer all questions but would like to speak to his attorney. The prosecutor thereupon assured him that he was not a defendant but a witness; that he could not be prosecuted; and that there was no reason to confer with his attorney. Piccirillo thereafter answered all questions, making the same admissions as had been made by La Bello, moreover stating that the tire irons in the possession of the police were the instruments they had used. On March 22, 1965, four days after defendants testified, Officer Sewell was called as a witness before the same Grand Jury. He testified that he had arrested defendants on March 19, 1964 for the assault on Graham that they had told him they were hired to commit the assault; that weapons which he then produced had been recovered from defendants; that, after defendants were arraigned in the Criminal Court in Brooklyn on May 20, 1964, they offered him $1,000 or $1,500 to get rid of the weapons; and that he went directly to the District Attorney's office and reported the bribe offer to the afore-mentioned prosecutor. Defendants were indicted for bribery on July 14, 1965; and on January 19, 1966 each was sentenced, on his plea of guilty, to a prison term of one year and six months to three years, to commence at the expiration of the sentence which had been imposed upon him for the assault conviction. The immunity granted pursuant to section 2447 of the Penal Law was complete and as broad in its scope and effect as the protection afforded by the constitutional prohibition against self incrimination (*People* v. *De Feo,* 308 N. Y. 595). After such immunity was granted, defendants were required to testify in the investigation under pain of prosecution for criminal contempt. They, however, were protected from prosecution for any answers proving them guilty of any crime for which they might be prosecuted, or, falling short of proving such crime in its entirety, would prove some part or

feature thereof, when combined with proof of other circumstances which others might supply (*Matter of Doyle*, 257 N. Y. 244; *People ex rel. Coyle* v. *Truesdell*, 259 App. Div. 282). Defendants' admissions that they committed the assault on Graham with tire irons, though made in response to questions relating to the assault for which they had been convicted, did not diminish the force of the immunity granted them, since the admissions related to facts and circumstances which would require the official conduct they allegedly sought to frustrate, and thus constituted a link in the chain of evidence necessary to prove the crime for which they were indicted (cf. *Malloy* v. *Hogan*, 378 U. S. 1). Nor was their immunity in any wise undermined by the fact that Officer Sewell's testimony, standing alone, was sufficient to establish that crime (*People* v. *Bermel*, 71 Misc. 356).